## JOHN B. BLANKENSHIP v. COMMONWEALTH.

**Forfeiture of Bail Bond.**

Where a person accused of crime fails to comply with his bond the court is required to direct the fact to be entered on the record, and thereupon the bail bond is forfeited, and the clerk has no authority, before an order of forfeiture, to dispose of it as required by law in case of forfeiture. There is no right of recovery on such a bond until after forfeiture is ordered.

19

### APPEAL FROM OHIO CRIMINAL COURT.

#### April 17, 1879.

OPINION BY JUDGE PRYOR:

While an action may be maintained on the bond in the name of the commonwealth, it cannot be properly brought until there is a breach, and the evidence necessary to sustain the breach is found alone in the Code.

Sec. 93, Criminal Code, provides, in substance, that where the accused fails to comply with his bond "the court must direct the fact to be entered on the record, and thereupon the bail bond or the money deposited in lieu of bail is forfeited. The court may have declined to forfeit the bond for reasons not appearing in the record, and the only evidence of the breach is the entry that the accused failing to appear therefore the bond is forfeited. Suppose, in this instance, the accused had deposited the money in lieu of personal security, as he had the right to do, would the clerk be authorized before an order of forfeiture to pass it to the credit of the jury fund or dispose of it, as required by law in case of a forfeiture? We think not, and for the reason that the bond has not been forfeited there is no right of recovery until the forfeiture is ascertained, and this must be entered of record and precede any action, by motion or otherwise, on the part of the commonwealth to recover from the surety or the clerk, if the money in lieu of bail has been deposited with him.

The judgment below is therefore *reversed* with directions to dismiss the petition.

*McHenry & Hill, for appellant.*